**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:10cr133-1 |
| Plaintiff, | |
| -vs- | Michael R. Barrett, Judge |
| FREDERICK REED, et al., | |
| Defendants | |
| -and- | |
| UNITED STATES OF AMERICA, | Case No. 1:11cr108 |
| Plaintiff, | |
| -vs- | Michael R. Barrett, Judge |
| SUSAN RISSER, | |
| Defendant. | |

## OPINION

This matter came before the Court on the Government's Motion for Summary Judgment as to Frederick Reed (Doc. 298) the Reply to Response (Doc. 300); Interested Party, Gloria Risser's Motion for Summary Judgment and Memorandum in Support (Doc. 46); the United States' Response in Opposition (47); Interested Party, Gloria Risser's Response in Opposition to Government's Motion for Summary Judgment (Doc. 48); the United States' Reply in Support (Doc. 49); and, Interested Party, Gloria Risser's Notice of Additional Authority. (Doc. 52). 21 U.S.C. §853(n) permits third parties to intervene in forfeiture actions and 21 U.S.C. §853(n)(6) provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that –
>
> (A) the petitioner has a legal right, title or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

Therefore, the petitioner must demonstrate a vested or superior interest or that they are a bona fide purchaser for value.

**BACKGROUND**:

On December 15, 2010, the Grand Jury for the Southern District of Ohio returned a two-count Indictment charging Frederick Reed and others with conspiracy to commit interstate transportation of stolen property beginning in or about January 1996 up to and including September, 2012; and conspiracy to distribute narcotics from in or about October 1993 up to and including December 10, 2012 (Doc. 1, Case No. 1:10cr133). The forfeiture allegations in the Indictment gave notice to Reed and others that the United States would seek the forfeiture of particular property including the subject property among other real properties owned by Reed "individually, jointly and/or in the name of nominee owners as part of any sentence." (Doc. 47, p.2).

On September 16, 2011, Susan Risser, a co-defendant of Frederick Reed and daughter of Petitioner, Gloria Risser, entered a plea of guilty to an Information pursuant to a Plea Agreement. The Defendant agreed to an Entry of Judgment against her in the

amount of $3,694,700.00.  At the time of Plea the Defendant's mother, Gloria Risser, resided in Columbus Grove, Ohio.

**FORFEITURE**:

Interested Party, Gloria Risser, is the mother of the aforesaid Susan Risser and the titled owner of a parcel of property at 3141 East Sand Drive, located in Port Clinton, Ohio that the Government is seeking to forfeit.  The Government is seeking forfeiture of Gloria Risser's home as a substitute asset in order to satisfy a money judgment entered against Susan Risser in the amount of $3,694,700.00.  The amount of proceeds represents what Susan Risser agreed was obtained as the result of the stolen gift card conspiracy in violation of 18 U.S.C. §371, 2314 and 2.  (Doc. 2, ¶1).

As stated above, Gloria Risser must show that she either had a pre-existing or superior interest in terms of 21 U.S.C. §853(n)(6)(A), or that she was a bona fide purchaser in terms of 21 U.S.C. §853(n)(6)(B).  She must either establish, by a preponderance of the evidence, that she had an interest in the forfeited asset *before* it became subject to forfeiture, see 21 U.S.C. §853(n)(6)(A) (a "pre-exisitng interest"), *or* that she acquired the property *after* it became subject to forfeiture as a bona fide purchaser for value,  See 21 U.S.C. 853(n)(6)(B) (a "bona fide purchaser").  *See, U.S. v. Monea Family Trust I*, 626 F.3d 277 (6th Cir. 2010).

If merely evidence of title was dispositive it would be an easy matter, however, the Government has cited ample authority that a mere nominee owner lacks a legal interest under state law to contest the forfeiture.  *United States v. Weiss*, 467 F.3d 1300, 1308-09 (11th Cir. 2006) (a mere nominee lacks the legal interest necessary to establish Article III standing); *United States v. Gamory*, 2010 WL 3880880, *1, *4 (N.D.

Ga. Sept. 28, 2010) (defendant's father lacks standing to contest forfeiture of vehicle titled in his name because undisputed evidence was that he exercised no dominion and control); *United States v. Hovind*, 2009 WL 2369340, 1, *5 (N.D. Fla. July 29, 2009) (nominee who exercised no dominion or control over the forfeited property lacks a legal interest under state law, and therefore lacks standing, even though he was the titled owner); *United States v. Gomez*, 2000 WL 34029288, 1, *2 (N.D. Iowa Aug. 3, 2000) ("possession of mere legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture"); *United States v. Sokolow*, 1996 WL 32113, *1, *2 (E.D. Pa. Jan. 26, 1996)(bar legal title without exercise of dominion and control is insufficient to establish standing), vacated on denial of reh'g, 91 F.3d 396 (3d Cir. 1996); *United States v. Rogers*, 1996 WL 252659, *5 (N.D.N.Y. May 8, 1996) (nominee's name on title to car was a sham to protect true owner from forfeiture). Gloria Risser counters this argument with the contention that she is the true owner of the Port Clinton Property because she has dominion and control over the property and there was never an intention that Susan Risser would retain a beneficial interest in the property.

In support of this proposition, Gloria Risser claims her intention was, and always had been, to move into the Port Clinton Property once she had finished her cancer treatment. The Risser family home was at Columbus Grove, Indiana. Gloria, meanwhile permitted her youngest son, Tracy, to keep the family home, which she deeded to him as a gift. Because Gloria Risser never moved to Port Clinton but, instead, remained in the family home at Columbus Grove, Indiana, she continued to pay for the taxes, insurance and utilities on that home, just like she always did at Columbus

Grove.  (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID #459).   Before she was able to relocate, the property became the subject of a Government forfeiture order and the Government locked her out of the property.

As part of her plea agreement, Susan Risser agreed to the forfeiture of certain property.  Susan Risser's Plea Agreement contained several categories of property. The first category was individually owned property which contained 30 properties.  The second category was jointly owned property which contained 56 properties and the third category was property with potential ownerships which listed 19 properties.  Included in this list was the home titled to Gloria Risser, located at 3141 East Sand Road, Port Clinton, Ohio, was listed in the plea agreement as "Property with Potential Ownership Interest" (hereinafter,  the "Port Clinton Property").  As part of the Plea Agreement, "Risser agrees to forfeit her interest in all of the property listed in the criminal Information and related Plea Agreement".

At the time of her plea, Susan Risser acknowledged that she and Frederick Reed "placed one parcel of real estate in the name of Gloria Risser."  (Doc. 8 at ¶3).  This land was purchased with conspiracy funds.  It is undisputed that Susan Risser negotiated the purchase of the home for her mother and placed her mother's name on the deed in November, 2004.  (Doc. 45, Exh 2).   Does title alone suffice?  Courts have held that the money must be traceable to a true owner and title does not vest in a "straw purchaser".  *United States v. Nunez*, 932 F. Supp. 628 (D. Vt. 1996); *United States v. Bouler*, 927 F. Supp. 911 (W.D.N.C. 1996).

While Gloria Risser maintains that she had title, domain and control over the premises, the Court must consider the following facts which are largely elicited from her

own deposition. First, the criminal defendants purchased the property with conspiracy proceeds. As noted above, Gloria Risser did not reside at the subject property. (Doc. 45, Exh. 2 at 9). Further, Susan Risser and Frederick Reed also made large purchases for maintenance, such as stone for the front of the house, shingles for the roof, decking, windows and doors for the subject property. (Doc. 45: Exh.1 at 65-67). While Gloria Risser decorated the home and picked out the finishes, her only financial stake was some furniture she purchased from an estate sale and her son's jet ski. (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 458, 473). The criminal Defendants acknowledge that the decking, windows and doors were also acquired illegally. (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 471). Susan Risser and Frederick Reed also received mail and maintenance bills at the Port Clinton address. (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 483).

Gloria Risser selected paint, some light fixtures, some bathroom fixtures and furniture for the home, but Susan Risser paid for it. (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 471). Gloria Risser concedes that her daughter put up all the money for Port Clinton. (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 472). "I didn't spend a penny." (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID #467).

Additionally, because Gloria could not afford to pay for both properties, her daughter, Susan Risser, agreed to pay the taxes, insurance and utilities on the Port Clinton Property. Frederick Reed and Gloria Risser's daughter maintained and were the beneficiaries on the homeowner's insurance. (Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 478, 479).

> Proper test to be applied to determine whether petitioner's interest in property as bona fide purchaser

> for value is exempt from forfeiture is not merely whether petitioner had knowledge of forfeitability of asset, but whether petitioner reasonably held belief that property was not subject to forfeiture.

*U.S. v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987).  When the criminal charges came to light Gloria went to her daughter for advice:

> Okay.  No she just tells me she said, "Mom don't worry about it.  There is a God and he'll work it out." Is what she told me, not to worry, there is a God, he'll work   it out and he will.

(Depo. Tr. Gloria Risser, Doc. 46-1, PAGEID # 480).  In *U.S. v. Farley*, 919 F. Supp. 276 (S.D. Ohio 1996), Petitioner, Joe Ortiz, explains where the currency came from and how he possessed it.  There is no such evidence in this case and Gloria Risser cannot be said to have a superior interest in the property.

Both of the conspiracies with which Susan Risser and Frederick Reed were charged and convicted started well before the purchase of the subject property.  Therefore, the purchase price of the home and almost all of the improvements were paid for by Susan Risser or co-defendant, Frederick Reed from illegal proceeds.

There are only two grounds for recovery by a third party and, as stated earlier, the Court has found Gloria Risser not to have a superior interest and she has specifically conceded that she is not a bona fide purchaser for value.  Further, Frederick Reed has no legal interest in the aforesaid property.

**CONCLUSION**:

Accordingly, the parties are to submit a final order of forfeiture but the Government must return the estate furniture and jet ski.  If Gloria Risser has incurred

expenses since the time of forfeiture, the Court will Order those verified expenses reimbursed from the sale proceeds.
.

                                        <u>Michael R. Barrett</u>
                                        Michael R. Barrett, Judge
                                        United States District Court