# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:10cr133-1 |
| Plaintiff, | |
| -vs- | Michael R. Barrett, Judge |
| FREDERICK REED, et al., | |
| Defendants. | |
| -and- | |
| UNITED STATES OF AMERICA, | Case No. 1:11cr108 |
| Plaintiff, | |
| -vs- | Michael R. Barrett, Judge |
| SUSAN RISSER, | |
| Defendant. | |

## ORDER

This matter came on for consideration of Petitioner-Interested Party Gloria Risser's Motion to Stay Execution of Third and Final Order of Forfeiture Pending Appeal (Doc. 56) and the Government's Response In Opposition to Petitioner's Motion to Stay Execution of Third Final Order of Forfeiture Pending Appeal (Doc. 57).

The Court does hereby deny the Stay of the Execution of the Third Final Order of Forfeiture. Petitioner has not demonstrated the likelihood of success on the merits; demonstrated that asset depreciation will occur over time; the forfeited asset's intrinsic value to her; or, the expense of maintaining the forfeited property. *See United States v. Clark*, Case No. 05-80810, 2007 WL 1140913 (E.D. Mich. April 17, 2007).

The gravamen of Petitioner's request was that an evidentiary hearing was not held. This Court based its Rulings on the Government's Motion for Summary Judgment (Doc. 298); the Reply to Response (Doc. 300); Petitioner Gloria Risser's Motion for Summary Judgment and Memorandum in Support (Doc. 46); the Government's Response in Opposition (Doc. 47); Petitioner Gloria Risser's Response in Opposition to Government's Motion for Summary Judgment (Doc. 48); the Government's Reply in Support (Doc. 49); Petitioner Gloria Risser's Notice of Additional Authority (Doc. 52); and, the in-Court, attested to, affirmation of the use of stolen funds for the purchase of said real estate. That is, at the time of Frederick Reed's and Susan Risser's pleas, both, under oath, attested to the accuracy of their respective statements of fact. Petitioner's statement of "uncontested facts" admitted that her daughter purchased the house, that she never resided in the house, and that her daughter paid all of the taxes, insurance and utilities on the disputed property. (Doc. 46, p. 3-4). The criminal Defendants' statements of fact, coupled with these facts, demonstrates that Petitioner failed to establish grounds pursuant to 21 U.S.C. §§ 853(n)(6)(A) and 853(n)(6)(B), that she had a legitimate interest in the property as set forth in the Court's Order of April 21, 2015 (Doc. 53).

Therefore, the Petitioner-Interested Party's Motion to Stay (Doc. 56) is **OVERRULED.**

**IT IS SO ORDERED**.

s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court